**FILED**
**U.S. District Court**
**District of Kansas**
05/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARK D. BRULL,

    **Plaintiff,**

    v.                         **CASE NO. 26-3119-JWL**

LAURA HOWARD, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Mark D. Brull brings this pro se civil rights case under 42 U.S.C. §§ 1983 and 1985.  Plaintiff is currently housed at the Larned State Hospital for participation in the Sexual Predator Treatment Program ("SPTP").  On May 13, 2026, the Court entered an Order to Show Cause (Doc. 7) granting Plaintiff until May 29, 2026, in which to either pay the filing fee or show good cause why his motion for leave to proceed in forma pauperis should not be denied due to his ability to pay the fee.  Plaintiff has now paid the filing fee.  Therefore, Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is denied as moot.

Plaintiff has filed a Motion for Appointment of Counsel, setting forth the attorneys he has contacted from 2021 to 2025 to seek representation.  (Doc. 5, at 2–4.)  Plaintiff claims that due to his secure civil commitment status, he does not have access to the internet, a phone book, or a legal directory.  *Id*. at 4.  Plaintiff claims he is unable to call anyone who uses an automated answering system.  *Id*.  Plaintiff also claims that he is not knowledgeable in the law, he is committed to the SPTP as a mentally ill person, and he struggles with ADD.  *Id*. at 5.  He argues that the issues in this case will require expert testimony and cross-examination.  *Id*. at 6.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Carper v. DeLand*, 54 F.3d 613, 616

(10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Furthermore, Plaintiff is not proceeding in forma pauperis in this case. The Court denies the motion without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated May 22, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**