**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARK D. BRULL,

     Plaintiff,

     v.

LAURA HOWARD, et al.,

     Defendants.

Case No. 26-3119-TC-ADM

## ORDER

This matter comes before the court on pro se plaintiff Mark D. Brull's motion for issuance and service of summons on defendants (ECF 6) and motion to waive U.S. Marshal Service ("USMS") fees to serve summons or to allow for another means for service of summons (ECF 14).

Generally, a plaintiff is responsible for serving defendants within the time permitted under Federal Rule of Civil Procedure 4(m). FED. R. CIV. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). However, Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3). "[W]here, as here, Plaintiff is not proceeding [in forma pauperis], the decision whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court." *Freeman v. Raytheon Techs. Corp.*, No. 22-CV-01161-RM-NYW, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022) (quoting *Palmer v. City & Cnty. of Denver*, No. 18-cv-01003-REB-STV, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019)). But in such a situation, the plaintiff is "responsible for payment of the cost of service, including any reasonable steps taken by USMS to locate the

defendants for the purpose of effecting service of summons." *Bloom v. McPherson*, No. 07-3258-SAC, 2010 WL 2025228, at *2 (D. Kan. May 20, 2010).

On May 28, 2026, the court granted Brull's motion for issuance of service of summons (ECF 6) and issued an order directing the USMS to serve process and to bill Brull for the costs associated with such service. (ECF 10.) Upon further reflection, the court realized that given the number of defendants Brull has named, this approach would place a significant burden on the USMS and quite possibly a meaningful financial burden on Brull. Accordingly, the court vacated that order on June 1. (ECF 11.) Presumably before Brull received a copy of the court's order vacating, Brull filed his subsequent motion to waive USMS summons fees or to allow for another means for issuance of summons. (ECF 14.) In that motion, Brull confirms that "he will be unable to afford the cost of the USMS issuing (34) service of summons, including costs for any reasonable steps taken by the USMS to locate the defendants for the purpose of effecting summons." (ECF 14, at 1.) Brull "request[s] the Court allow another acceptable means of service." (*Id.* at 2.)

In accordance with Brull's request, the court now directs the clerk to issue summons for each defendant and mail them to Brull. Brull is responsible for properly effecting service of process on each defendant and for filing proof of such service. *See* FED. R. CIV. P. 4.

**IT IS THEREFORE ORDERED** that Brull's motion for issuance and service of summons (ECF 6) is granted to the extent that the Clerk is directed to issue summons for each defendant to Brull, and denied to the extent that the court will not direct service of summons by USMS.

**IT IS FURTHER ORDERED** that Brull's motion to waive USMS fees to serve summons or to allow for another means for service of summons (ECF 14) is granted to the extent the court

directs the Clerk to issue summons to Brull for service by him, and denied to the extent that the court will not waive USMS service fees.

**IT IS SO ORDERED.**

Dated June 8, 2026, at Kansas City, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge